[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: (1) MOTION TO DISQUALIFY, (2) APPLICATION FOR TEMPORARY INJUNCTION
The plaintiff, John C. Kucej, seeks injunctive relief in connection with his appeal from the Probate Court for the District of Trumbull wherein he contests the appointment of his mother, Anna Kucej, as administratrix of his deceased father's estate. In his appeal, he claims the Probate Court should have appointed someone who does not have an interest in the Estate of John Kucej. Pending the outcome of his appeal, John C. Kucej wants this court to enjoin his mother from acting as administratrix of the estate. For the reasons stated below, the application for a temporary injunction is denied.
At the request of John C. Kucej, this court issued an order to show cause whereby the defendants were directed to appear in this court for a hearing. The case was thereafter continued. On August 19, 1992, the administratrix commenced a lawsuit on behalf of the estate against John C. Kucej. On August 24, 1992, this court (Lewis, J.) issued an ex parte restraining order prohibiting Anna Kucej from acting as administratrix pending the outcome of the application for a temporary injunction.
On September 3, 1992, this court heard testimony on two issues: (1) whether the law firm of Pullman Comley should be disqualified from representing Anna Kucej as administratrix of the Estate of John Kucej and (2) whether the application for a temporary injunction should be granted. On the first issue, the evidence shows that Anna Kucej and three of her children, i.e. Linda Sabatasso, Dolores Elliano, and Thomas Kucej, believe that the late John Kucej was a partner in various real estate ventures with his son John C. Kucej. Mrs. Kucej and the three children want John C. Kucej to transfer various assets to his father's estate. Mrs. Kucej, as administratrix and CT Page 8598 individually, has joined with Linda, Dolores, and Thomas in bringing the lawsuit against her fourth child, John. Under the facts of this case, Pullman Comley does not represent conflicting interests. The motion to disqualify is denied.
With respect to the second issue, the plaintiff has failed to establish the traditional prerequisites for injunctive relief. The plaintiff must show the imminence of an irreparable injury. Covenant Radio Corp. v. Ten Eighty Corp., 35 Conn. Sup. 1,3 (1977). He claims his mother has injured him by bringing the lawsuit and that if she is permitted to prosecute the case as administratrix while this appeal is pending he will suffer additional harm. These claims are not sufficient. The application for a temporary injunction is denied.
THIM, JUDGE